1

2

3

4

5

6

7

8                  **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MARSHA KELSO,                          No. CIV S-11-1960-KJM-CMK

12                  Plaintiff,

13          vs.                              <u>ORDER</u>

14   REDDING POLICE DEPT., et al.,

15                  Defendants.

16   _____ /

17          Plaintiff, who is proceeding pro se, brings this civil action pursuant to 42 U.S.C.

18   § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

22   granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under these screening

23   provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B) and

26   1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

1

dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject

matter . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma

pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h),

the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

Plaintiff names as defendants the Redding Police Department and one of it's

officers, Dean Adams.  Plaintiff alleges:

> I was falsely imprisoned by the Redding Police Department on July 22, 2010.  Officer Dean Adams pulled me over to inquire about what country I was from and why I was in America.  I informed him I was an American citizen.  His reply was, "then why do you look like a terrorist?"  I looked at him in shock.  He then demanded my drivers license and proof of insurance which I provided.  I was then asked to step out of the vehicle, when I asked what I did wrong I was told, "shut up!"  I began to cry, he again told me to "shut up!" this time clenching his gun.  I was then arrested and told, "if I resisted in any way I would be shot."  During the arrest I was kneed in my back, slapped, and inappropriately groped.  The handcuffs were also on very tightly.  I began sobbing immediately and told the officer my wrists were in extreme pain from the cuffs.  He did not reply but instead made the cuffs tighter and roughly pulled my arm leading me to his cruiser where I was held approximately 45 minutes while my crying children were in my vehicle.  Before he released me he asked, "why do you have that thing on your head?"  I replied, "it is a scarf, called a hijab, sir."  I was then released and cited with a registration violation, although my registration was current, valid, and plainly visible.  My family and I were very afraid and distraught.

Plaintiff seeks compensatory and punitive damages.

The court finds that plaintiff has stated a claim against defendant Adams for

violation of her civil rights.

Plaintiff has not, however, adequately stated a claim against the Redding Police

Department.  Municipalities and other local government units are among those "persons" to

whom liability for civil rights violations applies.  See Monell v. Dep't of Soc. Servs., 436 U.S.

658, 690 (1978).  Counties and municipal government officials are also "persons" for purposes of

§ 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir.

1989).  A local government unit, however, may not be held responsible for the acts of its

employees or officials under a respondeat superior theory of liability.  See Bd. of County

2

1  Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions

2  of the municipality, and not of the actions of its employees or officers.  See id.  To assert

3  municipal liability, therefore, the plaintiff must allege that the constitutional deprivation

4  complained of resulted from a policy or custom of the municipality.  See id.  A claim of

5  municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing

6  more than bare allegations that an individual defendant's conduct conformed to official policy,

7  custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.

8  1988).

9         In this case, plaintiff has alleged facts relating to the conduct of officer Adams.

10  She has not alleged any facts relating to the Redding Police Department, its policies or customs,

11  or how those policies or customs resulted in the claimed constitutional violation.  Plaintiff will be

12  provided an opportunity to amend her complaint to allege facts which would state a claim of

13  municipal liability against the Redding Police Department.

14         Because it is possible that the deficiencies identified in this order may be cured by

15  amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d

16  1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

17  amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

18  1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the

19  prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.

20  An amended complaint must be complete in itself without reference to any prior pleading.  See

21  id.

22         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

23  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

24  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

25  each named defendant is involved, and must set forth some affirmative link or connection

26  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

1   164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

2          Because the complaint appears to otherwise state cognizable claims, if no

3   amended complaint is filed within the time allowed therefor, the court will issue findings and

4   recommendations that the Redding Police Department be dismissed, as well as such further

5   orders as are necessary for service of process as to the cognizable claims against defendant

6   Adams.

7          Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended

8   complaint within 30 days of the date of service of this order.

9

10   DATED:  September 1, 2011

11

12                                         CRAIG M. KELLISON
                                           UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26