IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA KELSO, | No. CIV S-11-1960-KJM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| REDDING POLICE DEPT., et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, who is proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1). On September 2, 2011, the undersigned issued an order providing plaintiff an opportunity to file an amended complaint. The time for doing so has now passed, and no amended complaint has been filed.

   As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be

granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

The undersigned has found plaintiff's complaint states a claim against the individual officer, Dean Adams, but not against the Redding Police Department. As stated in the prior order:

> Plaintiff has not, however, adequately stated a claim against the Redding Police Department. Municipalities and other local government units are among those "persons" to whom liability for civil rights violations applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).
>
> In this case, plaintiff has alleged facts relating to the conduct of officer Adams. She has not alleged any facts relating to the Redding Police Department, its policies or customs, or how those policies or customs resulted in the claimed constitutional violation. Plaintiff will be provided an opportunity to amend her complaint to allege facts which would state a claim of municipal liability against the Redding Police Department.

///

1  Plaintiff was provided an opportunity to cure the defects in her claim. She has
2  chose not to file an amended complaint within the time provided. Plaintiff was informed that if
3  she did not file an amended complaint within the time provided, the undersigned would issue
4  findings and recommendations to dismiss the Redding Police Department. As such, the
5  undersigned finds it appropriate to dismiss the Redding Police Department from this action, and
6  proceed against the individual officer only. Service of defendant Adams is addressed by separate
7  order.
8  Based on the foregoing, the undersigned recommends that defendant Redding
9  Police Department be dismissed from this action, and this case proceed against defendant Adams
10  only.
11  These findings and recommendations are submitted to the United States District
12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
13  after being served with these findings and recommendations, any party may file written
14  objections with the court. Responses to objections shall be filed within 14 days after service of
15  objections. Failure to file objections within the specified time may waive the right to appeal.
16  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 18, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE