IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA KELSO, | No. 2:11-cv-1960-KJM-CMK |
| Plaintiff, | |
| vs. | ORDER |
| REDDING POLICE DEPARTMENT, et al., | |
| Defendants. | |
| _____/ | |

        Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant Adams' motion to compel plaintiff's answers to deposition questions (Doc. 18).  No opposition to the motion was filed, and the hearing was therefore taken off calendar pursuant to Eastern District of California Local Rule 230(c).

        Defendant Adams brings this motion to compel plaintiff to answer deposition questions pursuant to Federal Rule of Civil Procedure 37(a).  In the motion, defendant Adams argues plaintiff's deposition was noticed for June 12, 2012.  Plaintiff appeared for the deposition but refused to respond to any of the questions presented.  Plaintiff stated at the deposition that she is in the process of trying to find an attorney to represent her in this action and that she would like to wait for her attorney before answering any deposition questions.  Defendant argues that

plaintiff never filed for a protective order nor did she request a continuance or inform defense counsel of her unwillingness to answer the deposition questions prior to the scheduled deposition. Instead, she appeared at the deposition as scheduled, but refused to cooperate. Thus, defendant is requesting an order compelling plaintiff to answer the deposition questions without delay.

Federal Rule of Civil Procedure 30(a)(1) provides: "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ." Notice of the deposition must include reasonable written notice to every party, and must state the time and place of the deposition. See Fed. R. Civ. Proc 30(b)(1).  "The court may impose an appropriate sanction - including the reasonable expenses and attorney's fees incurred by any party - on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. Proc. 30(d)(2). Rule 37(a) provides that a motion for an order compelling discovery may be filed upon notice to the other parties. Evasive or incomplete answers are treated as a failure to answer. See Fed. R. Civ. Proc. 37(a)(4).

Here, plaintiff's refusal to answer questions at her properly noticed deposition amounts to a failure to comply with the discovery rules. Defendant Adams is entitled to conduct a deposition of plaintiff and record her answers, given under oath, as part of the discovery process. The court is mindful that it is difficult for individuals to proceed in these cases without the assistance of counsel. However, until such time as plaintiff is able to secure counsel, she must continue to prosecute this case on her own. This requires her attendance, and willingness to answer questions posed, at a properly noticed deposition. Plaintiff is warned that her continued failure to do so will result in sanctions, including both monetary sanctions and the possible dismissal of this action for failure to comply with court orders. See Fed. R. Civ. Proc. 37(b).

Plaintiff will be required to attend her deposition and answer the questions posed to the best of her ability. If, between now and the date the deposition is held, plaintiff is successful in obtaining counsel, she may appear with counsel. However, if she is unable to

secure counsel before the new deposition date, she is still required to attend the deposition and answer the defense counsel's questions. Plaintiff is advised to review the Federal Rules of Civil Procedure, especially Rule 30, for information on the procedures used and objections she may have during the deposition.

Defendant Adams will be required to re-notice plaintiff's deposition. Defendant Adams shall provide plaintiff at least fourteen days notice of a new deposition date. The discovery cut-off date is not altered by this order, but the parties should be able to conduct the deposition within the time provided for discovery in the scheduling order.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Adams' motion to compel (Doc. 18) is granted;

2. Plaintiff is required to attend her deposition and answer the questions posed, regardless of whether she is successful in retaining an attorney to represent her in this action;

3. Plaintiff's failure to cooperate and participate in her deposition will result in the imposition of sanctions, including the possible dismissal of this action;

4. Defendant Adams is required to re-notice plaintiff's deposition on no less than fourteen days notice; and

5. This order does not alter the dates set forth in the scheduling order.

DATED: August 8, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE