# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA KELSO, | No. 2:11-cv-1960-KJM-CMK |
| Plaintiff, | |
| vs. | ORDER |
| REDDING POLICE DEPARTMENT, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to compel release of plaintiff's mental health records, and extension of the discovery deadline (Doc. 21). No opposition to the motion was filed, and the hearing was therefore taken off calendar pursuant to Eastern District of California Local Rule 230(c).

Defendant Adams brings this motion to compel release of plaintiff's mental health records after attempting to obtain the records directly. Defendant Adams originally sought the records by subpoena directly from the Shasta County Department of Mental Health. The Department objected to the subpoena, requiring either a release from plaintiff, or a court order. Defendant Adams then requested plaintiff to sign the release, which plaintiff refused to do.

1

Thus, defendant Adams brings this motion in order to obtain a court order for the Shasta County Department of Mental Health to release the records.

Federal Rule of Civil Procedure 26(b)(1) establishes the scope of discovery and states, in relevant part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Thus, discovery is appropriate of any matter relevant to the subject matter involved in the action. "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D.N.J. 1990).

Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Therefore, as plaintiff has placed her mental health at issue by, among other things, seeking damages for emotional distress and mental anguish, plaintiff's mental health records are relevant and discoverable under Fed. R. Civ. P. 26(b).

Defendant has indicated that plaintiff's mental health records are in the custody of Shasta County Department of Mental Health and to secure such records they need a release signed by the plaintiff or a court order. Plaintiff is apparently not willing to sign such a release, leading to the necessity of this motion.

Disclosure of plaintiff's mental health records is governed, in part, by the Health Insurance Portability and Accountability Act ("HIPAA"). HIPAA's privacy provisions allow for

disclosure of medical information in the course of administrative or judicial proceedings. However, HIPAA places certain requirements on both the medical professional providing the information and the party seeking it.  See 45 C.F.R. § 164.512(e).  Under HIPAA, disclosure is permitted, *inter alia*, pursuant to a court order, subpoena, or discovery request when the healthcare provider "receives satisfactory assurance . . . from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order . . . ." 45 C.F.R. § 164.512(e)(1)(ii)(B).  The protective order must prohibit "using or disclosing the protected health information for any purpose other than the litigation . . ." and "[r]equire[ ] the return to the covered entity or destruction of the protected health information . . . at the end of the litigation or proceeding." 45 C.F.R. § 164.512(e)(1)(v); see also  Crenshaw v. MONY Life Ins. Co., 318 F. Supp. 2d 1015, 1029 (S.D. Cal. 2004).

       Here, it is appropriate to order the production of plaintiff's mental health records in the possession of Shasta County Department of Mental Health to defendant's counsel within 30 days of the date of this order.  In keeping with HIPAA, the parties are prohibited from using or disclosing plaintiff's mental health records for any purpose other than the litigation of this matter.  Disclosure is limited to attorneys, consultants or experts working in conjunction with this matter.  At the conclusion of this litigation, the parties shall return or destroy such records, including all copies.

       In addition, defendant requests an extension of the discovery deadline in order to examine the records and conduct any further discovery, including the possibility of deposing plaintiff's medical providers, based on what the disclosed records contain.  This request will be granted.  The discovery deadline will be extended until February 1, 2013, solely for the purpose of obtaining plaintiff's mental health records and completing any necessary further discovery based thereon.  In so doing, the court notes the new discovery deadline conflicts with the dispositive motion deadline, currently also set for February 1, 2013.  Therefore, the court will also extend the dispositive motion deadline to March 1, 2013.  The remainder of the dates set

forth in the scheduling order remain unchanged.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Adams' motion to compel release of plaintiff's mental health records (Doc. 21) is granted;

2. The Shasta County Department of Mental health is ordered to release plaintiff's mental health records in their possession to defendant's counsel within 30 days of the date of this order;

3. The release of those records is subject to the following protections:

   a. The parties are prohibited from using or disclosing plaintiff's mental health records for any purpose other than the litigation of this matter;

   b. Disclosure is limited to attorneys, consultants or experts working in conjunction with this matter; and

   c. At the conclusion of this litigation, the parties shall return or destroy such records, including all copies;

4. Defendant's request to modify the scheduling order is granted;

5. The discovery deadline is extended to February 1, 2013, solely for the purpose of obtaining plaintiff's mental health records and completing any necessary further discovery based thereon; and

6. The dispositive motion deadline is extended to March 1, 2013.

DATED: December 17, 2012

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE